# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| KAREN HIPPLER,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-1039-PMW<br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are Allied Property and Casualty Insurance Company's ("Allied") motion for summary judgment,[2] Karen Hippler's ("Hippler") cross-motion for partial summary judgment,[3] and Hippler's motion for a stay of summary judgment proceedings pursuant to rule 56(d) of the Federal Rules of Civil Procedure.[4] On June 21, 2013, the court held oral argument on the

---

[1] *See* docket no. 9.

[2] *See* docket no. 14.

[3] *See* docket no. 17.

[4] *See* docket no. 18.

motions.[5] Joelle S. Kesler appeared on behalf of Hippler, and Byron G. Martin appeared on behalf of Allied. The court has carefully considered the parties' written submissions on the motions, as well as the oral arguments presented by counsel at the hearing. Now being fully advised, the court is prepared to rule on the motions.

## BACKGROUND

The parties have agreed on the following undisputed material facts in this case.[6] In the spring of 2011, Hippler purchased a Homeowner's Insurance Policy from Allied with a coverage period of May 23, 2011, to May 23, 2012 ("Policy").[7] The Policy was numbered HMC 0015091386-6.[8] The Policy had a Coverage C - Personal Property limit of $189,420.00.[9]

The personal property limit was subject to certain limitations. Specifically, but not exclusively, the Coverage C - Personal Property limit was subject to the Premier Homeowners Endorsement.[10] The relevant portion of the Premier Homeowners Endorsement ("Special Limitation") states:

---

[5] *See* docket no. 33.

[6] *See* docket no. 14 at 3-8; docket no. 17 at 2.

[7] *See* docket no. 15-2 at 13.

[8] *See id*.

[9] *See id*.

[10] *See id*. at 64-67.

2

3. Special Limits of Liability

   These special limits do not increase the Coverage C limit of
   liability. The special limit for each category below is the
   total limit for each loss of all property in that category.

   a. $1,000 on money, bank notes, bullion, gold other
      than goldware, silver other than silverware,
      platinum other than platinumware, coins, medals,
      scrip, stored value cards and smart cards.[11]

A separate special limit of $10,000 applies to silverware, platinumware, and goldware.[12]

Hippler claims that she was the victim of a burglary and theft at her home on or about July 2, 2011.[13] Hippler made a claim on Allied for various personal items that were allegedly stolen during the burglary, including a rare coin collection.[14] According to Hippler, the collection consisted of various gold, silver, and platinum coins.[15] Hippler alleges that the value of the coin collection stolen exceeded $500,000.00.[16] Allied made a payment on the stolen property claim to Hippler for $14,868.94, which included $1,000.00 for various gold items that exhausted the entire $1,000.00 Special Limitation.[17]

---

[11] *Id*. at 64.

[12] *See id*.

[13] *See* docket no. 2-1 at 3.

[14] *See id*. at 3-4.

[15] *See* docket no. 15-2 at 71-93.

[16] *See* docket no. 2-1 at 4.

[17] *See* docket no. 15-2 at 3.

3

Hippler claims that the Premier Homeowners Endorsement does not apply to her coin collection claim and that Allied should have paid her the total Coverage C - Personal Property Limit available under the policy of $189,420.00 to cover all her coins.[18] In her complaint, Hippler asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment.[19]

## **LEGAL STANDARDS**

"Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 872 (10th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). In this case, the court is faced with interpretation of an insurance contract. "The interpretation of an insurance contract is governed by state law and, sitting in diversity, [this court] look[s] to the law of the forum state." *Houston Gen. Ins. Co. v. Am. Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997). The parties agree that Utah law applies in this case.

Under Utah law, "[a]n insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts." *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993). "[T]he terms of insurance contracts, as well as all contracts, are to be interpreted in accordance with their usually accepted meanings

---

[18] *See* docket no. 2-1 at 4-5.

[19] *See id.* at 5-7.

and should be read as a whole, in an attempt to harmonize and give effect to all of the contract provisions." *Nielsen v. O'Reilly*, 848 P.2d 664, 665 (Utah 1992).

"[U]nless the language of an insurance contract is ambiguous or unclear, the court must construe it according to its plain and ordinary meaning." *First Am. Title Ins. Co. v. J.B. Ranch, Inc.*, 966 P.2d 834, 836 (Utah 1998); *see also Alf*, 850 P.2d at 1274 ("[I]f a policy is not ambiguous, no presumption in favor of the insured arises and the policy language is construed according to its usual and ordinary meaning."). "Policy language is ambiguous if it is not plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy." *Nielsen*, 848 P.2d at 666 (footnote, quotations, and citations omitted). "A contract may be ambiguous because it is unclear, it omits terms, or the terms used to express the intention of the parties may be understood to have two or more plausible meanings." *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 432 (Utah 2006) (quotations and citations omitted). If a party proffers an alternate interpretation of contract language to demonstrate an ambiguity, that interpretation "must be plausible and reasonable in light of the language used" to create an ambiguity. *J.B. Ranch, Inc.*, 966 P.2d at 837. "[W]ords and phrases do not qualify as ambiguous simply because one party seeks to endow them with a different interpretation according to his or her own interests." *Saleh*, 133 P.3d at 433. An ambiguity will not be found based on a "forced or strained construction" of the contract language. *Id*. (quotations and citation omitted). "Whether an ambiguity exists in a contract is a question of law." *Alf*, 850 P.2d at 1274.

## ANALYSIS

As indicated above, the motions before the court are Allied's motion for summary judgment, Hippler's cross-motion for partial summary judgment, and Hippler's motion for a stay pursuant to rule 56(d). The court will first address the motions for summary judgment together, then address Hippler's rule 56(d) motion.

### I. Motions for Summary Judgment

Hippler alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment. Allied has moved for summary judgment on all of Hippler's claims. Hippler has filed a cross-motion for partial summary judgment on the limited of issue of whether she is entitled to coverage under the Policy for her coin collection, up to the total Coverage C - Personal Property Limit available under the policy of $189,420.00. Given that Allied has presented arguments concerning each of Hippler's claims, the court will address each of those claims separately to determine whether either party is entitled to summary judgment on each claim.

#### A. Breach of Contract

Hippler alleges that Allied breached the Policy by failing to pay her the entire total Coverage C - Personal Property Limit available under the Policy of $189,420.00 to cover all her coins. Hippler argues that the Special Limitation is not clear and unmistakable, or at the very least, is ambiguous and, therefore, the Policy should be construed to cover her coin collection. Allied responds by arguing that the Special Limitation is clear and unmistakable and is not ambiguous. Based on that argument, Allied asserts that the Special Limitation is applicable to

Hippler's coin collection, and since Allied has paid her the $1,000.00 limitation, it has not breached the Policy.

Under Utah law, "[a]n insurer may exclude from coverage certain losses by using language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided." *Alf*, 850 P.2d at 1275 (footnote, quotations, and citations omitted). "A provision excepting certain losses from coverage is therefore not automatically construed against the insurer. Rather, it is only when the insurer uses language that is ambiguous, that 'doubt is resolved against the insurer.'" *J.B. Ranch, Inc.*, 966 P.2d at 836 (quoting *Alf*, 850 P.2d at 1274).

As indicated above, the language of the Special Limitation provides a limitation of coverage for "$1,000 on money, bank notes, bullion, gold other than goldware, silver other than silverware, platinum other than platinumware, coins, medals, scrip, stored value cards and smart cards."[20] Hippler argues that there is an ambiguity in the Special Limitation because the phrase "other than," which precedes "platinumware, coins, medals scrip, stored value cards and smart cards," was intended to exclude coins from the Special Limitation. Hippler asserts that the inclusionary list ends as soon as the reader reaches the third installment of the words "other than," and that a new exclusionary list then begins. The court disagrees.

As noted by Allied, Hippler's position goes against basic rules of grammar. The Utah Supreme Court has indicated that contracts, which include insurance policies, should include

---

[20] Docket no. 15-2 at 64.

consideration of normal grammar rules. *See Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 210 P.3d 263, 270 (Utah 2009) ("Proper contract interpretation includes application of ordinary rules of grammar." (footnote, quotations, and citation omitted)). Allied correctly asserts that Hippler's interpretation of the Special Limitation disregards the grammatical rule that items in a series separated by commas and joined at the end by a conjunction constitute a single list or series. *See, e.g.*, *Marcotte v. Timberlane/Hampstead Sch. Dist.*, 733 A.2d 394, 400 (N.H. 1999) ("According to normal rules of English punctuation, the placement of commas between each element enumerated and before the conjunction, 'and,' generally dictates that the elements are to be read as a consecutive series of discrete items."). The Special Limitation provides a single list of items subject to the Special Limitation as indicated by the presence of multiple items separated by commas and joined at the end by a single conjunction, "and." Since coins are part of that list, they are included in the Special Limitation.

Further, Hippler's interpretation is not grammatically feasible because the original list's conjunction has not yet appeared by the time the reader reaches the phrase "other than platinumware." At that point, the list is not yet complete, and no new list has begun. Moreover, Hippler's interpretation is somewhat arbitrary because the phrase "other than" appears on two prior occasions in the list.

Hippler's interpretation is also erroneous because it does not harmonize with the other policy provisions, and fails to consider the Policy as a whole as required under Utah law. *See Nielsen*, 848 P.2d at 665. There is a separate special limit of $10,000.00 that applies to goldware and silverware. That corroborates Allied's position that the phrase "other than" as it appears in

8

the Special Limitation was used as a linguistic device to describe what forms of precious metal were and were not included. Hippler's interpretation also fails to consider that preceding the phrase "platinum other than platinumware, coins, medals, scrip" are the words "gold other than goldware, silver other than silverware." It is clear from those words that the list is forming a pattern. In that pattern, precious metals are described generally (e.g., gold, silver, and platinum), and then the words "other than" are being used to narrow the application of the Special Limitation to specific forms of precious metals. The phrase "platinum other than platinumware" is the last of three examples of noun phrases in that pattern, and it is clear that the "other than" language is intended to apply for the specific purpose of exempting platinumware from the otherwise limited platinum.

In sum, the court has determined Hippler's interpretation of the Special Limitation results in a tortured and strained construction that disregards basic grammatical rules and the plain language of the Special Limitation. The court concludes that the language of the Special Limitation is clear and unmistakable and is not ambiguous. The court further concludes that coins are included in the Special Limitation, and since that limit has already been exhausted, Allied has not breached the terms of the Policy. Therefore, Hippler's breach of contract claim fails as a matter of law.

### B. Breach of the Covenant of Good Faith and Fair Dealing

Hippler alleges that Allied breached the covenant of good faith and fair dealing by not fairly evaluating her claims. Allied asserts that it did not breach the covenant.

9

Like parties to any contract, Allied and Hippler have parallel obligations to perform their contractual duties in good faith. *See Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985). "[T]he implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Id*. " If an insurer acts reasonably in denying a claim, then the insurer did not contravene the covenant." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 533 (Utah 2002). "The denial of a claim is reasonable if the insured's claim is fairly debatable. Under Utah law, if an insurer denies an insured's claim [that] is fairly debatable, [then] the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so." *Id*. at 533-34 (quotations and citations omitted) (alterations in original).

Allied was entitled to debate the extent of coverage available for Hippler's coin collection claim. Indeed, the court has already concluded that the Special Limitation does in fact include coins. As such, Allied undertook a fair reading of the Special Limitation to take the position that Hippler's claim concerned coins, money, gold, silver, and/or platinum. For those reasons, the court concludes that Allied's application of the Special Limitation was, at a minimum, fairly debatable. As such, Allied did not breach the covenant of good faith and fair dealing, and Hippler's claim in that regard fails as a matter of law.

### C. Declaratory Judgment

Hippler's claim for declaratory judgment is based entirely on the success of her claims for breach of contract and breach of the covenant of good faith and fair dealing. Because the court

has concluded that those claims fail as a matter of law, it follows that Hippler's claim for declaratory judgment likewise fails.

## D.  Conclusion

The court has concluded that all the claims in Hippler's complaint fail as a matter of law. Accordingly, Allied's motion for summary judgment is granted, and Hippler's cross-motion for partial summary judgment is denied.

## II.  Hippler's Rule 56(d) Motion

As an alternative to her motion for summary judgment, Hippler moves the court for a stay of summary judgment proceedings so that she can conduct further discovery into her claim for breach of the covenant of good faith and fair dealing.  Rule 56(d) provides:  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).[21]  The Tenth Circuit reviews the denial of a rule 56(d) for abuse of discretion.  *See World Publ'g Co. v. United States Dep't of Justice*, 672 F.3d 825, 832 (10th Cir. 2012).

---

[21]  Prior to the 2010 amendments to rule 56, the provisions of subdivision (d) were found at subdivision (f).  However, there were no substantial changes when the provisions were moved to subdivision (d).  *See* Fed. R. Civ. P. 56, Advisory Committee Notes to 2010 Amendments, Subdivision (d) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").  Accordingly, in this decision, the court will cite to and rely upon cases addressing former subdivision (f).

In order to invoke the protection of rule 56(d), "the party filing the affidavit must state with specificity how the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quotations and citations omitted) (alteration in original). "[T]he party filing the affidavit must show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *Id*. (quotation and citation omitted) (second alteration in original). An affidavit is "insufficient" if the nonmoving party "merely states in conclusory terms" that he or she was unable to obtain discovery or that he or she "could have conducted further discovery if given more time." *Id*. Instead, a nonmoving party's affidavit should show that "facts, if discovered, would [be] useful in opposing the motion[] for summary judgment" and that "additional discovery time would have established facts sufficient to create a genuine issue of fact." *Id*. at 1555.

The court concludes that Hippler has not satisfied the requirements for a stay pursuant to rule 56(d). Hippler's rule 56(d) motion and the supporting affidavit are deficient. Hippler has not identified any probable facts that are unavailable to her that could change the outcome on Allied's Motion for Summary Judgment on her claim for breach of the covenant of good faith and fair dealing. Hippler has not explained how additional discovery time would reveal facts sufficient to create a genuine issue of material fact. Hippler makes only a vague and conclusory assertion that she needs additional discovery regarding Allied's evaluation of her claim and the rationale it used to deny said claim. Hippler has not described how discovery of such information would enable her to rebut Allied's motion for summary judgment. Hippler also

asserts that additional time may be spent consulting with and/or retaining an expert in the insurance industry. However, Hippler does not provide an explanation as to why consulting with an expert may be helpful or what information an expert could provide that would preclude summary judgment. As indicated above, rule 56(d) requires an affirmative explanation as to how additional discovery time would be used and how it would allow the nonmovant to be better able to oppose the motion for summary judgment. Ms. Hippler has not made such a showing.

In the court's view, the matters at issue in Allied's motion for summary judgment are questions of law. There are no additional facts that would be relevant to the motion that would need to be uncovered through discovery. The court concludes that all the information necessary to make a decision on Allied's motion is already before the court and that there is no need for further discovery. Accordingly, Hippler's rule 56(d) motion is denied.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Allied's motion for summary judgment[22] is **GRANTED**.

2. Hippler's cross-motion for summary judgment[23] is **DENIED**.

3. Hippler's motion for a stay of summary judgment proceedings pursuant to rule 56(d)[24] is **DENIED**.

---

[22] *See* docket no. 14.

[23] *See* docket no. 17.

[24] *See* docket no. 18.

4. The Clerk of the Court shall enter judgment in favor of Allied and close this case.

**IT IS SO ORDERED**.

DATED this 30th day of September, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge